UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ANTHONY WILLIAM MILLER                                                                        PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 2:02CV61-DMR-RHW

DOLAN WALLER, et al                                                                          DEFENDANTS

### FINDINGS OF FACT AND RECOMMENDATIONS

Before the Court is Anthony Miller's petition for writ of habeas corpus relief filed pursuant to 28 U.S.C. § 2254.  This case has a lengthy procedural history.  The undersigned will forgo a complete discussion of the various twists and turns in the proceedings, as these have been explained in other Orders of the Court.  For purposes of this report and recommendation, it is sufficient to state that the Court has determined that it must examine each of the 23 claims raised by Petitioner in his original § 2254 petition; however, the undersigned concludes that many of these claims have been procedurally defaulted.

Miller is serving a life sentence without parole after having been convicted of capital murder.  He filed a direct appeal of his conviction to the Mississippi Supreme Court.  In that appeal he raised the following issues:  (1) the trial court committed reversible error because it failed to sustain Petitioner's motion for a mistrial during the testimony of Belinda Graham; (2) the trial court erred because it did not quash the indictment based on the charging statute not including the element of specific intent; (3) Miss. Code Ann. § 97-5-39 is unconstitutional for vagueness and because it contains no provision for a lesser included offense; (4) the trial court erred when it granted state jury instructions S-1 and S-9; (5) the trial court erred when it refused to submit to the jury proposed defense instructions D-1 and D-6; (6) the jury verdict was against

the weight of the evidence and was contrary to the law; and (7) the culmination of errors in the trial required a reversal. Petitioner's conviction was affirmed by the Mississippi Court of Appeals and by the Mississippi Supreme Court. *See Miller v. State*, 748 So. 2d 100 (Miss. 1999).

Petitioner then filed a Motion for Post-Conviction Collateral Relief in the Mississippi Supreme Court. He raised the following issues: (1) the trial court abused its discretion by coercing and forcing one juror to reach a verdict when the jury was deadlocked; (2) counsel was ineffective for not presenting a manslaughter instruction; (3) the prosecution made an improper closing argument; (4) the jury verdict was not signed; and (5) the trial court improperly sequestered the jury. The Mississippi Supreme Court denied Miller's application. As to issues 1, 3, 4, and 5 the court concluded that his claims were procedurally barred by operation of Miss. Code Ann. § 99-39-21. The court further concluded that on issue 2, Petitioner failed to meet the standard for ineffective assistance of counsel as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner then filed his instant petition for habeas corpus relief in the United States District Court. He alleges 25 or 26 separate claims. Although the petition was filed beyond the one-year limitations period allowed under the AEDPA, the Court found that equitable tolling should apply and directed the State to answer Petitioner's claims.

Petitioner raised the following claims in his initial petition, which are now before the Court for consideration: (1) illegal warrantless search; (2) untimely filed indictment; (3) defective indictment; (4) speedy trial violation; (5) improper investigation of crime scene; (6) invalid crime lab report; (7) improper sequestration of jury; (8) conflict of interest; (9) trial court

failed to give lesser included offense jury instruction; (10) perjured testimony from Belinda Graham and Dr. John Vanderwood; (11) photograph of shoe that was not part of discovery or evidence; (12) illegal search and seizure; (13) abuse of authority by assistant district attorney; (14) evidence admitted at trial over defense objections; (15) diagram drawn by pathologist right before his testimony at trial; (16) incomplete testing of crime lab report; (17) incomplete trial proceedings; (18) violation of Confrontation Clause; (19) testimony of subpoenaed witnesses not called to testify; (20) trial court failed to give jury instruction on lesser included offense; (21) trial court failed to make first part of voir dire as part of trial record; (22) ineffective assistance of counsel; (23) illegally obtained evidence, i.e. photographs.

Miller than filed a supplement to his habeas petition and asserted two additional claims: (25) State withheld evidence regarding measurement of car's bumper; and (26) State elicited expert opinion from Belinda Graham who was never qualified as an expert witness.[1] The State filed a Motion to Strike the supplemental petition, which the district court granted. Consequently, these two issues are not before the Court at this time.

**Unexhausted Claims**

The great bulk of Petitioner's claims were not presented in State court prior to the filing of Miller's § 2254 petition. A petitioner's failure to present claims to the proper State court creates a procedural default. *See Magourik v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998). Federal courts are barred from reviewing procedurally defaulted claims. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). If the petitioner fails to exhaust state remedies and the court to which

---

[1] Miller numbers these as issues 25 and 26; however, the undersigned only counted 23 issues raised in the initial petition. In order to avoid confusion, the Court will continue to use Miller's numbering of the issues.

petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, then the claims are procedurally defaulted for purposes of federal habeas review. *Id.* When it is obvious that a claim would be procedurally barred, the court will forego needless "judicial ping-pong" and hold the claim to be procedurally barred. *Id.*

After reviewing the pleadings from State and Federal court, the undersigned finds that Petitioner's claims 1, 2, 4-6, and 8-23 were raised for the first time in his federal habeas petition. The Mississippi Supreme Court would now find those claims to be procedurally barred as Petitioner either did not present any of these claims at trial and/or on appeal, or did not present them in his initial post conviction application in State court. *See* Miss. Code Ann. §§ 99-39-29(1) & 99-39-27(9); *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Hence, the undersigned concludes that claims 1, 2, 4-6, and 8-23 are procedurally defaulted for purposes of federal habeas review. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

There is an exception for procedurally defaulted claims, which Petitioner raises in his response to the State's answer. Where a petitioner has procedurally defaulted a claim by failing to exhaust State remedies, this Court will not review the defaulted claim unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or that failure to consider the claims will result in a fundamental miscarriage of justice. *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005).

Petitioner argues that the law library and inmate legal assistance program at the Wilkinson County Correctional Facility (WCCF) were inadequate, thus causing his failure to exhaust. In two separate reports and recommendation filed on March 13, 2003 and September

4

24, 2003 respectively, the Magistrate Judge found that Petitioner was entitled to equitable tolling on his federal petition due to complications and delays when Petitioner attempted to use the inmate legal assistance program at the WCCF.  Petitioner argues that the Court's findings in support of equitable tolling also should support a finding of cause for not having exhausted his claims in State court.

Petitioner's argument is unavailing for two reasons.  First, Miller filed his State petition on February 21, 2001, approximately nine months after his conviction and sentence became final.  There is no indication that Miller was prevented from filing a State petition or raising any specific claims based on alleged inadequacies of the law library or inmate legal assistance program.  Second, the time period and specific events addressed by this Court when it found equitable tolling related to the time frame after Miller's State petition already had been filed and denied.  In the September 24, 2003 report and recommendation, the Magistrate Judge determined that equitable tolling should apply based on events beginning on November 13, 2001, when Miller requested an attorney conference to discuss his § 2254 petition.  The Court found that Miller requested materials to file his § 2254 petition and was denied access to those materials by the WCCF.  Specifically, the federal cases requested by Miller did not arrive until approximately April 6, 2002, after the one-year limitations period had elapsed.  These events had no bearing on Petitioner's ability to file his State petition, which he filed the State petition on February 21, 2001, well before any equitable tolling was found to apply.  Hence, the Court's previous findings regarding equitable tolling have no bearing on Miller's unexhausted State law claims.  However, even if Miller were able to demonstrate cause for failing to exhaust State remedies, he has not alleged any "actual prejudice."  *See Barrientos v. Johnson*, 221 F.3d 741, 768 (5th Cir. 2000).

Likewise, Petitioner has not met the "fundamental miscarriage of justice" exception to procedurally defaulted claims. He has not demonstrated as a factual matter that he is innocent of the crime of conviction. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). In his response to the State's answer, Miller argues that the State withheld evidence that would have supported a finding of actual innocence. Specifically, Miller argues that the trial testimony regarding the height of the car bumper was inconsistent with measurements in State Trooper Donald Rawson's report.

At trial, Sheriff Stanley McLeod testified from his handwritten notes that from the bottom of the front bumper to the ground measured 16 or 17 inches, and from the bottom of the rear bumper to the ground measured 15 inches.[2] In Rawson's report, the top of the front bumper to the ground measured 17 inches, and the top of the rear bumper to the ground measured 23 inches. In his argument under issue 24, Miller points to the 8-inch discrepancy between McLeod's measurement and Rawson's measurement of the rear bumper as somehow significant in proving his innocence. In fact, any discrepancy in these measurements can be attributed to the fact that McLeod measured from the bottom of the rear bumper to the ground; whereas, Rawson measured from the top of the rear bumper to the ground.

In his State petition for post-conviction relief, Petitioner did present claims 3 and 7. He also presented an ineffective assistance claim in his State petition, which the Court will examine as part of claim 22. The undersigned will now turn to each of these claims.

---

[2] McLeod initially testified that from the top of the front bumper to the ground measured 15 inches and from the top of the rear bumper to the ground measured 19 inches, but changed his testimony after being afforded the opportunity to review his notes.

**Issue 3:  Defective Indictment**

Petitioner argues that the indictment was defective because it stated "and without any design to effect death" rather than quoting the statute that reads "with or without any design to effect death."  The Mississippi Court of Appeals concluded that Petitioner's argument regarding the indictment was without merit.

The sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment was so defective that the convicting court had no jurisdiction. *See Riley v. Cockrell*, 339 F.3d 308, 313-14 (5th Cir. 2003).  The State court held the indictment to be sufficient under state law.  Thus, the federal courts need not address the issue.  *See McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994).  Petitioner has not demonstrated that the State court's decision resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as demonstrated by the Supreme Court of the United States; or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).

**Issue 7: Improper Sequestration of Jury**

In his State petition for post-conviction relief, Petitioner presented the issue of whether the trial court improperly sequestered the jury.  However, the Mississippi Supreme Court found the claim to be procedurally barred pursuant to Miss. Code Ann. § 99-39-21(1), because it was not raised at trial and/or on direct appeal.  When a state court declines to hear a petitioner's claim because he failed to fulfill a state procedural requirement, federal habeas review is generally barred if the state procedural rule is independent and adequate to support the judgment.  *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001).  The Fifth Circuit has held that § 99-39-21(1) is an

independent and adequate state procedural bar. *Stokes*, 123 F.3d at 860. Consequently, this Court is estopped from reviewing Petitioner's claim. *See Coleman*, 501 U.S. 722, 750 (1991). Petitioner has not demonstrated cause for the procedural default or that the fundamental miscarriage exception should apply.

### Issue 22: Ineffective Assistance of Counsel: manslaughter instruction

Miller presented only one ineffective assistance claim in his state petition for post-conviction relief. Namely, he argued that counsel was ineffective because he did not request a manslaughter jury instruction. The Mississippi Supreme Court considered this issue and found that Petitioner failed to meet the *Strickland* standard. The undersigned finds that although Petitioner did exhaust this issue in his State petition, he did *not* allege in his § 2254 petition that counsel was ineffective for failing to request a manslaughter instruction. Rather, he raised several unrelated claims of ineffective assistance under issue 22, none of which was exhausted in State court proceedings. Accordingly, the undersigned need not address the merits of this claim.

Out of an abundance of caution, the undersigned will briefly address this issue as Miller did raise the jury instruction issue in his § 2254 petition, albeit without asserting ineffective assistance of counsel. To demonstrate ineffective assistance of counsel, Plaintiff must show that counsel's performance was deficient and that counsel's deficiency prejudiced his defense. *Strickland*, 466 U.S. at 687. The State court concluded that Petitioner had not met the *Strickland* standard on this issue. The question then becomes whether the State court's decision regarding the application of *Strickland* to this issue involved an unreasonable application of clearly established federal law. *See Busby v. Dretke*, 359 F.3d 708, 717 (5th Cir. 2004).

A lesser included offense instruction should be given if the evidence would permit a jury

rationally to find a defendant guilty of the lesser offense and acquit him of the greater offense. *Lincecum v. Collins*, 958 F.2d 1271, 1275 (5th Cir. 1992). To be entitled to a lesser included offense instruction, there must be some evidence directly germane to the lesser-included offense for a fact-finder to consider. *Jones v. Johnson*, 171 F.3d 270, 274 (5th Cir. 1999). Under Mississippi law, manslaughter is defined as (1) the killing of a human being, (2) without malice, (3) in the heat of passion, (4) without authority of law, (5) not in self-defense, and (6) by use of a dangerous weapon. Miss. Code Ann. § 97-3-35. Miller has not pointed to anything in the record to suggest that the evidence would have supported a manslaughter conviction. At trial, counsel did not attempt to demonstrate that Miller killed the victim "without malice" and "in the heat of passion". To the contrary, the record indicates that counsel's trial strategy was to demonstrate that Miller did not kill the victim at all, but rather that the death was caused by some other agency, such as the bumper of an automobile. Given counsel's defensive theory as presented to the jury, it was a permissible exercise of trial strategy not to request a manslaughter instruction. *See Tinsley v. Million*, 399 F.3d 796, 808 (6th Cir. 2005). Accordingly, Miller has not demonstrated that counsel was ineffective for failing to request a manslaughter instruction.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Anthony Miller's § 2254 petition be denied and that his petition be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who objects to this Recommendation must, within ten (10) days after being served a copy of the Recommendation, serve and file with the Clerk of Court his written objections to the Recommendation, with a copy to the District Judge,

the U.S. Magistrate Judge and the opposing party.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a *de novo* determination by the District Court.  A party who fails to file written objections to the proposed findings, conclusions and Recommendation within ten (10) days after being served with a copy, shall be barred, except upon the grounds of plain error, from attacking on appeal any proposed factual finding and legal conclusion accepted by the District Court to which the party did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 31st day of January, 2006.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE